# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ELAN PHARMACEUTICALS, LLC, ELI
LILLY & COMPANY, and AVID
RADIOPHARMACEUTICALS, INC.,

      Plaintiffs,

v.

RONALD SEXTON,

      Defendant.

Case No. 2:19-CV-02175-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiffs Elan Pharmaceuticals, LLC ("Elan"), Eli Lilly & Company ("Eli Lilly"), and Avid Radiopharmaceuticals, Inc. ("Avid") bring this action against Defendant Ronald Sexton ("Sexton") for an award of attorneys' fees pursuant to 35 U.S.C. § 285 (Count I) and for malicious prosecution (Count II). Now before the Court is Defendant's Motion to Dismiss (Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants Defendant's motion.

## I.    Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id.* at 570.

reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

---

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[8]*Id.* at 678–679.

[9]*Id*. at 679.

[10]*Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

**II.     Factual Background**

The following facts are alleged in Plaintiffs' Complaint and are assumed to be true for the purposes of deciding Sexton's motion to dismiss.[11]

Defendant Sexton, a resident of Johnson County, Kansas, is the Chairman and founder of AIA America, Inc., formerly known as Alzheimer's Institute of America, Inc. ("AIA"). Sexton founded AIA as a shell, instrumentality, or conduit to prosecute patent lawsuits. Sexton dominated and controlled AIA, commingled AIA's funds with his personal funds, failed to adequately capitalize AIA, and failed to maintain adequate corporate records and observe corporate formalities. AIA paid no dividends, and no one other than Sexton functioned as an officer or director of AIA.

On February 2, 2010, AIA filed a lawsuit against Elan and Eli Lilly in the United States District Court for the Northern District of California ("Elan Court"), asserting claims for alleged infringement of two AIA patents ("Elan Lawsuit"). On November 24, 2010, AIA filed a lawsuit against Avid in the United States District Court for the Eastern District of Pennsylvania ("Avid Court"), asserting essentially the same patent-infringement claims ("Avid Lawsuit"). The two patents at issue in both cases were "generally directed to research technologies stemming from the discovery of the 'Swedish mutation,' a genetic mutation that is associated with early-onset familia[l] Alzheimer's disease."[12]

In the Avid Lawsuit, Avid asserted that AIA lacked standing to assert the patents on the basis that Sexton and others—namely, Dr. Michael J. Mullan and Dr. John Hardy—had

---

[11]Although Sexton attaches outside materials to his motion to dismiss, the Court need not consider those materials in ruling on Sexton's motion and, therefore, does not consider whether to convert Sexton's motion to one for summary judgment under Fed. R. Civ. P. 56.

[12]Doc. 1 ¶ 12 (quoting *AIA Am., Inc., v. Avid Radiopharmaceuticals, Inc.*, 866 F.3d 1369, 1371 (Fed. Cir. 2017)).

"orchestrated a scheme to appropriate for themselves inventions from Imperial College . . . in London and the University of South Florida."[13] On December 22, 2011, the Elan Court granted the plaintiff's motion to stay pending the conclusion of a jury trial in the Avid Lawsuit, finding that the outcome of that trial could be dispositive of the entire action. The Avid Court then held a jury trial on AIA's standing and, "[b]ased on the jury's verdict, the district court found AIA lacked standing to assert the . . . patents and entered judgment in favor of Avid."[14] On March 8, 2012, the Elan Court lifted the stay in the Elan Lawsuit and dismissed the case for lack of standing, finding that collateral estoppel applied as a result of the jury's determination in the Avid Lawsuit. The Avid Court's decision on lack of standing was affirmed by the United States Court of Appeals for the Federal Circuit.

On March 30, 2015, the Avid Court issued a memorandum opinion finding that the Avid Lawsuit was an "exceptional case" entitling Avid to attorneys' fees under 35 U.S.C. § 285. The Avid Court's exceptional-case finding rested upon evidence that AIA knew that it was not the legal owner of the rights to the patents upon which it sued, including evidence of Sexton's personal efforts, in cooperation with Dr. Hardy and Dr. Mullan, to defraud the University of South Florida and Imperial College in London of their ownership rights in the invention. On June 5, 2015, the Elan Court found that collateral estoppel also applied to the Avid Court's determination that the case was exceptional under § 285, and that "an award of attorneys' fees *against AIA* was therefore justified in the Elan Lawsuit."[15] On April 14, 2016, the Elan Court entered an order awarding $4,445,492.13 in attorneys' fees to Eli Lilly and $3,435,130.71 in attorneys' fees to Elan. On August 17, 2016, the Avid Court ordered "that judgment be entered

---

[13]*Id.* ¶ 13 (quoting *AIA Am., Inc.*, 866 F.3d at 1371).

[14]*Id.* ¶ 17 (quoting *AIA Am., Inc*., 866 F.3d at 1372).

[15]*Id.* ¶ 28 (emphasis added).

4

favor of Avid and *against AIA* in the Avid Lawsuit for attorneys' fees in the amount of $3,943,317.70."[16]

The judgments awarding attorneys' fees in the Elan and Avid Lawsuits are against AIA only; Plaintiffs do not allege that any judgment was entered against Sexton. Plaintiffs now bring this separate lawsuit seeking to hold Sexton personally liable for a total of $11,823,940.54 in attorneys' fees pursuant to 35 U.S.C. § 285. Plaintiffs also bring a second claim for malicious prosecution under Pennsylvania law.

**III.   Analysis**

    **A.   Action for Award of Fees Pursuant to 35 U.S.C. § 285**

Count I of Plaintiffs' Complaint is titled, "Action for Award of Fees Pursuant to 35 U.S.C. § 285."[17] Section 285, which appears in a chapter of the United States Code addressing remedies for patent infringement, provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[18] "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry. First, the Court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional."[19] "If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified."[20] "A case may be deemed exceptional under § 285 where there has been 'willful infringement, fraud or inequitable conduct in procuring the

---

[16]*Id.* ¶ 30 (emphasis added).

[17]Doc. 1 at 26.

[18]35 U.S.C. § 285.

[19]*MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012) (citing *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1109 (2004); *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1314 (Fed. Cir. 2010)).

[20]*Id.* at 916 (citation omitted).

patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions.'"[21]

The two district courts in which the underlying patent claims were litigated have already imposed fees on AIA—and AIA alone—under § 285. In this separate case, filed years after the fee awards in the prior patent litigation, Plaintiffs argue that § 285 creates an independent cause of action against Sexton for attorneys' fees that were not awarded against him in the earlier patent cases. Sexton argues that Count I must be dismissed because § 285 does not give rise to an independent cause of action and "[i]f Plaintiffs intended to seek an award of attorneys' fees from Defendant Ronald Sexton, they should have sought leave to add him as a party to the Avid and Elan Lawsuits and then sought that relief from the United States District Courts of the Eastern District of Pennsylvania and Northern District of California."[22] The Court finds that Sexton has the better part of the argument.

In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,[23] the United States Supreme Court set forth the history behind § 285:

> Prior to 1946, the Patent Act did not authorize the awarding of attorney's fees to the prevailing party in patent litigation. Rather, the "American Rule" governed: "'[E]ach litigant paid its own fees, win or lose . . . .'" In 1946, Congress amended the Patent Act to add a *discretionary fee-shifting provision*, then codified in § 70, which stated that a court "may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case."
>
> Courts did not award fees under § 70 as a mater of course. They viewed the award of fees not "as a penalty for failure to win a patent infringement suit," but as appropriate "only in extraordinary circumstances." The provision enabled them to address

---

[21]*Id.* (quoting *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321–22 (Fed. Cir. 2006)).

[22]Doc. 15 at 5.

[23]572 U.S. 545 (2014).

>"unfairness or bad faith in the conduct of the losing party, or some
>other equitable consideration of similar force," which made a case
>so unusual as to warrant *fee-shifting*.[24]

Cases applying § 285 are consistent with the Supreme Court's reference to that section as a fee-shifting provision and do not support Plaintiffs' argument that it gives rise to a cause of action independent from a patent-infringement lawsuit.

"Only '[t]he trial judge has discretion to increase damages for exceptional cases.'"[25] Thus, an award of attorneys' fees under § 285 is a post-trial decision for the judge rather than an element of damages to be proved at trial.[26] Further, the Federal Circuit has held that requests for attorneys' fees under § 285 are not exempt from compliance with Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure.[27] That rule provides, in part, that "[u]nless a statute or a court order provides otherwise, the motion [for fees] *must be filed no later than 14 days after the entry of judgment.*"[28] Although this Court routinely considers motions for attorneys' fees under § 285, it does so only after a judgment regarding a substantive patent issue is entered in the same case.[29]

Here, Plaintiffs bring their claim for fees not by motion in the trial courts within fourteen days of the judgments in the Avid and Elan Lawsuits as required by Rule 54, but in an entirely separate action in a different district court years later. This attempt lacks support in the law. As explained by the United States District Court for the Southern District of New York:

---

[24]*Id.* at 548–49 (emphasis added) (footnotes omitted) (citations omitted).

[25]*Rentrop v. Spectranetics Corp.*, 514 F. Supp. 2d 497, 506 (S.D.N.Y. 2007) (quoting *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1372 (Fed. Cir. 2005), *overruled on other grounds*, *Cardiac Pacemakers, Inc. v. St. Jude Med, Inc.*, 675 F.3d 1348 (Fed. Cir. 2009)).

[26]*See id.* (striking jury award of attorneys' fees because jury was not authorized to award fees under § 285).

[27]*See IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005); *Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1385 (Fed. Cir. 2009).

[28]Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added).

[29]*See, e.g.*, *Layne Christensen Co. v. Bro-Tech Corp.*, 871 F. Supp. 2d 1104, 1119–23 (D. Kan. 2012); *Five Star Mfg., Inc. v. Ramp Lite Mfg., Inc.*, 196 F. Supp. 2d 1170, 1173–74 (D. Kan. 2002).

> The text of § 285 makes clear that the statute does not give rise to a separate cause of action. A "cause of action" is a situation or state of facts which entitles the party to sustain an action and gives him the right to seek judicial interference on his behalf. The statute here is a "fee-shifting provision." Consequently, the statute provides for reasonable attorney's fees to the "prevailing party" in the context of an existing action or proceeding. Thus, an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one. This conclusion is supported by how courts have treated similar fee-shifting provisions such as 42 U.S.C. § 1988.[30]

Plaintiffs cite a number of cases which they contend support their argument that a § 285 claim can be raised as a stand-alone cause of action here. These cases, however, all pertain to fees sought during the initial patent-infringement suit.[31] One case relied upon by Plaintiffs concerns whether a party to a patent-infringement action may maintain a *counterclaim* for § 285 fees,[32] an issue that "[a]s a practical matter . . . is utterly inconsequently to the substantial rights of the parties" because the prevailing party retains the right to seek fees under the statute at the conclusion of the case regardless of whether that party asserts those fees in a counterclaim.[33] Although Plaintiffs argue that their claim under § 285 is substantively indistinguishable from a counterclaim in an existing action, there is no existing patent-infringement action here. And in any event, in the line of cases discussing whether § 285 fees may be raised as a counterclaim,

---

[30]*Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) (citations omitted) (collecting cases).

[31]*See, e.g., Applied Materials, Inc. v. MultiMetrixs, LLC*, No. C 06-7372 MHP, 2009 WL 10690770, at *4–6 (N.D. Cal. Nov. 23, 2009) (patent court finding that it could decide motion for attorneys' fees against individual defendants who acted as principals of corporate defendant and controlled the litigation on its behalf).

[32]*See Great Lakes Intellectual Prop. Ltd. v. Sakar Intern., Inc.*, No. 1:04-CV-608, 2008 WL 148965, at *3–4 (S.D. Mich. Jan. 11, 2008) (permitting party seeking fees in patent infringement action to do so by counterclaim).

[33]*Id.* at *4; *see also Lokai Holdings LLC*, 306 F. Supp. 3d at 644 (citation omitted).

there is ample authority to support that such fees are "not a separate, surviving and independent cause of action, but rather a corollary or ancillary issue which is dependent on the main action."[34]

Other cases relied upon by Plaintiffs concern whether the court hearing a patent action has jurisdiction to decide fees after the underlying patent claims have been dismissed or withdrawn. Although the Federal Circuit has held that a district court hearing a patent action "*retain[s]* jurisdiction" over a claim for attorney fees under § 285 after the dismissal of the underlying patent claims because a claim for fees is independently within the court's federal question jurisdiction,[35] Plaintiffs cite no case in which a separate district court entertained *only* a claim for attorneys' fees under § 285 independent from and years after the patent-infringement suit in which the fees were incurred. Rather, in all of the cases cited, the claim for fees was raised in the initial patent litigation.[36] Stated another way, in these cases, "jurisdiction is not the

---

[34]*Aventis Cropscience, N.V. v. Pioneer Hi-Bred Intern., Inc*., 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003) (adding that "[e]ven defendants do not suggest that they could file a request for Section 285 attorney fees alone and outside of a patent action"); *see also, e.g., InteraXon Inc. v. NeuroTek, LLC*, Case No. 15-cv-05290-KAW, 2017 WL 24721, at *2 (N.D. Cal. Jan. 3, 2017) (finding that "[a]n assertion of an 'exceptional case' under 35 U.S.C. § 285 is not a separate cause of action" (citation omitted)); *Nycomed U.S. Inc. v. Glenmark Generics Ltd*., No. 08-CV-5023 (CBA)(RLM), 2010 WL 1257803, at *3 (E.D.N.Y. Mar. 26, 2010) ("Nycomed has conceded, as it must, that allegations regarding exceptional case do not give rise to a separate cause of action; rather, a party pleading 'exceptional case' is simply noting its intention to move for attorney fees at the conclusion of the case"); *Medi-Temp LLC v. CVS Pharmacy, Inc*., CV 05-3241-PCT-JAT, 2006 WL 8440902, at *5 (D. Ariz. July 21, 2006) (noting that "§ 285 does not create a separate cause of action" and construing counterclaim as request for attorney fees under § 285).

[35]*See Highway Equip. Co., Inc. v. FECO, Ltd*., 469 F.3d 1027, 1032–33 (Fed. Cir. 2006) (emphasis added) (citing *H.R. Techs., Inc. v. Astechnologies, Inc*., 275 F.3d 1378, 1386 (Fed. Cir. 2002)).

[36]*See H.R. Techs., Inc.*, 275 F.3d at 1386 (noting, when vacating district court's order dismissing state and federal counterclaims and § 285 fee claim, that the claim for fees was "within the district court's federal question jurisdiction"); *Robbins Co. v. Herrenknecht Tunnelling Sys. USA, Inc*., No. 5:13cv2113, 2014 WL 2735634, at *2 (N.D. Ohio June 16, 2014) (finding that "[b]ecause 35 U.S.C. § 285 is an independent source of jurisdiction, a plaintiff's covenant not to sue for patent infringement claims does not deprive a court of subject matter jurisdiction over a defendant's 35 U.S.C. § 285 claim for attorneys' fees, even though the defendant's counterclaims for non-infringement and invalidity are no longer in controversy" (citation omitted)); *Knauf Fiber Glass, GmbH v. Certainteed Corp*., No. 1:02-CV-1215-DFH, 2004 WL 771257, at *2 (S.D. Ind. Mar. 24, 2004) ("[T]his court *retains jurisdiction* over CertainTeed's counterclaim for coercive relief, in the form of an award of attorney fees and costs, on the basis that *this case* should be deemed 'exceptional' under § 285." (emphasis added)); *In re Rivastigmine Patent Litig*. (MDL No. 1661), No. 05 MD 1661 (HB)(JCF), 2007 WL 1154000, at *9 (S.D.N.Y. Apr. 19, 2007) (stating that "*Highway Equipment* . . . holds squarely that the *court retains jurisdiction* over claims for attorneys' fees under 35 U.S.C. § 285 even in the face of a plaintiff's covenant not to sue" (emphasis added) (citation omitted) (citing *Highway Equip. Co., Inc*., 469 F.3d at 1032–33)).

issue: '[n]o Article III case or controversy is needed with regard to attorneys' fees as such, because they are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot.'"[37] It appears that the proper course would have been for Plaintiffs to attempt to recover fees from Sexton in the context of the Avid and Elan Lawsuits if relying upon § 285 to do so.[38] The Court finds that § 285 provides no standalone cause of action here, and that even if it did, Plaintiffs' claim would not be timely under Rule 54.

### B. State-Law Claims

In response to Sexton's motion to dismiss, Plaintiffs pivot from the way they have pled Count I as an action for fees under § 285 and argue that they merely seek to enforce the existing judgments under an alter-ego theory or by piercing the corporate veil:

> Plaintiffs are not seeking an initial ruling on whether attorneys' fees should be awarded. The Eastern District of Pennsylvania and the Northern District of California already ruled on that issue in the affirmative, and the Federal Circuit Court of Appeals agreed. Rather, Plaintiffs are seeking to enforce the existing orders entered against AIA to hold Defendant liable based on Defendant's own actions and his relationship with AIA. In that context, the question of whether § 285 provides a separate cause of action is not even relevant. The relevant questions are whether there are grounds to hold that Defendant orchestrated the improper conduct that gave rise to the Attorneys' Fee Awards or whether there are grounds to pierce the corporate veil.[39]

Plaintiffs contend that state law applies to their alter-ego or veil-piercing claim, specifically stating that "Pennsylvania and California law applies in this case to the Avid and Elan judgments

---

[37]*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, Case No. SACV 12-00329 AG (JPRx), 2014 WL 12601610, at *3 (C.D. Cal. Apr. 21, 2014) (citing *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999), *cert. denied*, 529 U.S. 1066 (2000)).

[38]*See Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 844–46, 854 (E.D. Tex. 2017) (finding authority, in patent infringement action, to hold individual jointly and severally liable for all § 285 costs and fees after joining him to the case sua sponte).

[39]Doc. 19 at 8.

respectively, but the applicable law is of no consequence. States across the country, including Kansas, Pennsylvania and California, allow veil piercing and personal liability for officers that participate in their company's torts."[40] Plaintiffs' malicious prosecution claim, Count II, also arises under state law.[41]

Sexton disputes that Plaintiffs have fairly pled a claim for alter-ego liability or piercing the corporate veil. Although Plaintiffs' Complaint contains many allegations that would be relevant to an alter-ego or veil-piercing theory of liability, Sexton correctly points out that Plaintiffs' Complaint expressly states the following with respect to Count I:

- "This is a civil action brought by the Plaintiffs pursuant to 35 U.S.C. § 285, to recover attorneys' fees and expenses . . ."

- Count I is labeled "ACTION FOR AWARD OF FEES PURSUANT TO 35 U.S.C. § 285."

- Plaintiffs devote five paragraphs of their Complaint to the standard for awarding fees under § 285.

- Plaintiffs allege that an individual can be liable for fees under § 285.

- Plaintiffs allege that entry of judgment against Sexton "under § 285" is appropriate based on the findings in the Avid and Elan Lawsuits.

- Plaintiffs seek judgment "pursuant to 35 U.S.C. § 285."[42]

Sexton further argues that if the Court permits Plaintiffs to recharacterize their § 285 claim as a state-law claim to pierce the corporate veil, the Court must dismiss that claim for lack of diversity jurisdiction.

---

[40]*Id.* at 9 n.2.

[41]Doc. 1 §§ 92–93 (citing Pennsylvania law); Doc. 19 at 15 (same).

[42]*Id.* at 26 and §§ 1, 22–26, 35, 44, 52, 62, 90.

"'[F]ederal courts have no jurisdiction without statutory authorization.'"[43] "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[44] "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[45] This Court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding."[46]

Plaintiffs have neither expressly invoked nor sufficiently alleged diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[47] For the purposes of diversity jurisdiction, the citizenship of a business entity depends on its organizational structure.[48] If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[49] If the business is a limited liability company, its citizenship is determined by the citizenship of each one of its members.[50]

---

[43]*Davis v. King*, 560 F. App'x 756, 759 (10th Cir. 2014) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

[44]*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)).

[45]*Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[46]*State Farm Mut. Auto. Ins. Co. v. Navarez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dept. of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).

[47]*Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905 (10th Cir. 2015) (citation omitted), *cert. denied*, 136 S. Ct. 1714 (2016).

[48]*See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1236–38 (10th Cir. 2015) (analyzing different treatment of corporations and LLCs for purposes of diversity jurisdiction).

[49]28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[50]*Siloam Springs*, 781 F.3d at 1234 ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members." (citation omitted)).

In their Complaint, Plaintiffs state that Elan is "a Delaware limited liability company," that Eli Lilly is "an Indiana corporation," and that Avid is "a Pennsylvania corporation."[51] Sexton "is an individual residing in Johnson County, Kansas."[52] Because Plaintiffs have failed to allege the principal places of business of Eli Lilly and Avid, as well as the citizenship of each of the members of Elan, there is no proper basis for the Court to exercise diversity jurisdiction.

Plaintiffs do evoke 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[53] The Court has found that Plaintiffs cannot pursue a claim against Sexton arising directly under the federal statute upon which they expressly rely, 35 U.S.C. § 285. As to Plaintiffs' alter-ego or veil-piercing arguments, the purpose of fact pleading under Rule 8(a)(2) of the Federal Rules of Civil procedure is to "give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery."[54] "As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because [it] did not set forth in the complaint a theory on which [it] could recover."[55] "In other words, if factual allegations are

---

[51] Doc. 1 ¶¶ 5–7.

[52] *Id.* ¶ 8.

[53] Plaintiffs also state in their Complaint that this Court has jurisdiction over this action pursuant to 18 U.S.C. § 1964(a) and (c), 18 U.S.C. § 1030(g), and 28 U.S.C. § 1331. Section 1964(a) grants jurisdiction to federal district courts to prevent and restrain violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and § 1964(c) provides a federal cause of action for any person injured by a RICO violation. Plaintiffs here, however, allege no RICO claim. Similarly, § 1030(g) authorizes the filing of civil actions for certain conduct amounting to computer fraud, but Plaintiffs allege no such claim.

[54] *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (citing Wright & Miller §§ 1215, 1219 (3d ed.)).

[55] *Id.* (citation omitted).

pled that are sufficient to state a claim for relief, the plaintiff is not required to identify the particular legal theory under which it seeks relief."[56]

However, one requirement of Rule 8(a) is that the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."[57] Although Plaintiffs evoke federal question jurisdiction in their Complaint, they have not addressed whether this Court would have such jurisdiction to hear the state-law alter-ego or veil-piercing claim they assert in response to Sexton's motion to dismiss, which is of a different character from a request for fees under § 285. Thus, without passing on the question of subject matter jurisdiction or the viability of Plaintiffs' alter-ego or veil-piercing claim, the Court declines to construe Plaintiffs' claim for fees under § 285 as a state-law judgment-collection action. Rather, the Court dismisses Count I for attorneys' fees under § 285 on the grounds discussed above with prejudice, but without prejudice as to any separate claim to enforce the judgments in the Elan and Avid Lawsuits against Sexton under an alter-ego or veil-piercing theory of liability.

Having disposed of Plaintiffs' only claim arising under federal law, and having found no basis for diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' malicious prosecution claim arising under state law. District courts having original jurisdiction to hear federal claims also have discretion to exercise supplemental jurisdiction over state-law claims where the plaintiff can demonstrate that "the claims not within the original jurisdiction of the court form part of the 'same case or controversy under Article III' as their federal claims."[58] Federal and state claims arise from the same "case or controversy" where they

---

[56]*Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, Nos. 08-2027-JWL-DJW, 08-2191-JWL-DJW, 2009 WL 3711574, at *5 (D. Kan. Nov. 3, 2009).

[57]Fed. R. Civ. P. 8(a)(1).

[58]*Oltremari by McDaniel v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1340 (D. Kan. 1994) (quoting *Fasco Indus., Inc. v. Mack*, 843 F. Supp. 1252, 1256 (N.D. Ill. 1994)).

"derive from a common nucleus of operative fact . . . ."[59] While Plaintiffs' malicious prosecution claim may arise from the same case or controversy as their federal claim, "[u]nder 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim for a number of reasons, including if 'the district court has dismissed all claims over which it has original jurisdiction.'"[60]

The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[61] Because this case is in its infancy and Plaintiffs' remaining malicious prosecution claim "raise[s] questions of purely state law,"[62] the Court sees no compelling reason to exercise supplemental jurisdiction and, therefore, dismisses those claims without prejudice.[63]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Sexton's Motion to Dismiss (**Doc. 14**) pursuant to Fed. R. Civ. P. 12(b)(6) is **granted with prejudice** as to Plaintiffs' claim for attorneys' fees under 35 U.S.C. § 285, but **without prejudice** as to Plaintiffs' state-law claims.

---

[59]*Id*. at 1340 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

[60]*Bryner v. Lindberg*, 429 F. App'x 736, 737 (10th Cir. 2011) (quoting 28 U.S.C. § 1367(c)(3)); *see also Villalpando ex rel. Villalpando v. Denver Health and Hosp. Auth*., 65 F. App'x 683, 688 (10th Cir. 2003) ("[W]hen a district court dismisses the federal claims, leaving only supplement[al] state claims, the most common response has been to dismiss the state claim or claims without prejudice." (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002))).

[61]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988*); see also Ogles v. Sec. Benefit Life Ins. Co*., Case No. 18-CV-02265-HLT-KGG, 2019 WL 3066439, at *15 (D. Kan. July 12, 2019), *appeal docketed*, 2019 WL 3066439 (10th Cir. Jul. 29, 2019)).

[62]*Ogles*, 2019 WL 3066439, at *15.

[63]*See Botefuhr*, 309 F.3d at 1273 (explaining that absent a showing that the parties have already expended a great deal of time and energy on supplemental state-law claims, such claims should normally be dismissed after all federal claims have been dismissed, "particularly when the federal claims are dismissed before trial" (citation omitted)).

**IT IS SO ORDERED.**

Dated: October 1, 2019

                                          s/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE